# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAYEVON BLAINE,<br>Plaintiff,<br><br>v.<br><br>J. BURNES, et al.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO. 3:19-cv-251 (MPS)<br><br><br><br>APRIL 15, 2019 |

## INITIAL REVIEW ORDER

Plaintiff Jayevon Blaine ("Blaine"), incarcerated at the Osborn Correctional Institution in Somers, Connecticut, filed this case under 42 U.S.C. § 1983. He contends that the defendants were deliberately indifferent to his serious medical needs by denying and delaying surgery to address gynecomastia, growth of female breast tissue caused by Risperdal, and by failing to warn him and his physician about this side-effect. Blaine seeks damages and injunctive relief.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This requirement applies to all prisoner filings regardless whether the prisoner pays the filing fee. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)). Here, the plaintiff is proceeding *in forma pauperis*.

Although detailed allegations are not required, the complaint must include sufficient facts

to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). The Court must construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006). To plead a cognizable legal claim, however, a *pro se* plaintiff must meet the standard of facial plausibility. *See Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) ("[A] *pro se* complaint must state a plausible claim for relief.") (citing *Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009)).

I. <u>Allegations</u>

Commissioner Semple contracted with the University of Connecticut Correctional Managed Health Care ("CMHC") to provide health care to Connecticut inmates. The contract, no longer in effect, provided no oversight for CMHC staff and no accountability for the $100,000,000 yearly fee. ECF No. 1, ¶ 11. Under the contract, the Department of Correction assumed all liability for lawsuits against CMHC employees. *Id.* After increasing concern over medical treatment afforded to Connecticut inmates, including several inmate deaths, the contract was terminated. *Id.* In July 2017, the Department of Correction re-assumed responsibility for inmate health services. *Id.*

Jannssen Pharmaceuticals, as the maker of Risperdal, is responsible for providing warnings and packaging for the product. *Id.*, ¶ 12. The packaging on Risperdal provided to inmates contains no patient information or warnings. *Id.*

Defendant Burnes prescribed Risperdal to Blaine to treat ADHD, anger, anxiety, depression, and bipolar disorder from September 8, 2015, through February 5, 2016, while he was confined at Garner Correctional Institution. *Id.*, ¶ 13. Defendant Burnes never warned Blaine of the risks and benefits of Risperdal. *Id.*

About July 5, 2018, Blaine noticed changes to his chest. *Id.*, ¶ 14. He informed medical and mental health staff. *Id.* Blaine was diagnosed as suffering from gynecomastia and is awaiting surgery. *Id.*

II.     Analysis

Blaine names six defendants, APRN J. Burnes, former Commissioner Scott Semple, Commissioner Rollin Cook, Jannssen Pharmaceuticals, and Jannssen Pharmaceuticals employees Michelle Bufano, John Winter, and Elizabeth Laxto Smithhart. Blaine states that he has named defendant Burnes in his or her individual and official capacity. He does not indicate the capacity in which he names any other defendant.

Blaine does not indicate whether he was a pretrial detainee or a sentenced inmate at the time of the incident underlying the complaint. The Court may take judicial notice of state court records. S*ee Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir.2006) ("docket sheets are public records of which the court could take judicial notice"); *Shmueli v. City of New York*, 424 F.3d 231, 233 (2d Cir. 2005) (court may take judicial notice of matters of public records, such as state prosecution of an individual). The Connecticut Judicial Branch website shows that, on

3

February 21, 2014, Blaine was sentenced to a term of imprisonment of fifteen years for a 2012 charge of conspiracy to commit robbery in the first degree with a deadly weapon. *See* Case No. FBT-CR-12-0269040-T (Conn. Super. Ct.), www.jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key=3e868633-dbdf-4407-bl1f-76dd76ba6238 (last visited Feb. 25, 2019). Thus, Blaine was a sentenced inmate during the time relevant to this action.

Blaine alleges that all defendants disregarded an excessive risk to his health and subjected him to gynecomastia by failing to provide patient information about Risperdal, *id.*, ¶ 16; defendant Semple failed to provide proper mental health care by failing to oversee CMHC, *id.*, ¶ 17; defendant Jannssen Pharmaceuticals violated his constitutional rights by failing to provide adequate patient information regarding side-effects on packaging provided to prisoners, *id.*, ¶ 18; the defendants failed to implement procedures to ensure conformity with acceptable professional and community standards regarding provision of medication within correctional facilities, *id.*, ¶ 18;[1] and the defendants denied Blaine proper medical care by failing to provide immediate surgery, *id.*, ¶ 19.

    A. <u>Defendants Jannssen Pharmaceuticals, Bufano, Winter, and Smithhart</u>

Blaine brings this action under 42 U.S.C. § 1983, which requires that the defendant be a person acting under color of state law. Thus, "[a] plaintiff fails to state a claim under Section 1983 where the plaintiff does not sufficiently allege that the defendant acted under color of state law." *Colombo v. O'Connell*, 310 F.3d 115, 117 (2d Cir. 2002).

---

[1] The plaintiff includes two paragraphs numbered 18. This statement is from the second paragraph 18.

Jannssen Pharmaceuticals is a private company and defendants Bufano, Winter, and Smithhart, as Jannssen employees, are private actors. A private actor may act under color of state law in some circumstances. There are three tests to determine whether a private party can be considered a state actor. First, under the compulsion test, a private party can be considered a state actor where the actions of the private party are controlled by the state; second, under the joint action test, a private party will be treated as a state actor where the state provided "significant encouragement" to the private party, or the private party is a "willful participant in joint activity with the [s]tate," or the functions of the private party are "entwined" with state policies; and third, under the public function test, the private party has been delegated a public function by the state. *Sybalski v. Independent Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (quoting *Brentwood Acad, v, Tennessee Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 296 (2001)).

Blaine includes no allegations that Jannssen acted under color of state law under any of the three tests. The only specific allegations are that Jannssen manufactured Risperdal and failed to include patient information/warnings on the packaging of the product that was provided to inmates. Blaine states that defendants Bufano, Winter, and Smithhart are employed by Jannssen but alleges no facts suggesting their involvement in any of his claims. As Blaine alleges no facts suggesting that Jannssen acted in concert or conspired with any state actor to violate his constitutional rights, the Court concludes that Jannssen, Bufano, Winter, and Smithhart are not state actors. Accordingly, his section 1983 claims against them are dismissed. Blaine may pursue any claims he may have against these defendants in state court.

  B. APRN Burnes

Blaine alleges that defendant Burnes was deliberately indifferent to his serious medical needs by prescribing Risperdal without informing him of possible side-effects of the drug. The

5

Second Circuit has held that "in order to permit prisoners to exercise their right to refuse unwanted treatment, there exists a liberty interest in receiving such information as a reasonable patient would require in order to make an informed decision as to whether to accept or reject proposed medical treatment." *Pabon v. Wright*, 459 F.3d 241, 250-51 (2d Cir. 2006). Because the focus of Blaine's claim is that defendant Burnes failed to warn him of the side-effects of Risperdal, the Court considers Blaine's claim to be a Fourteenth Amendment claim for violation of the right to receive medical information, rather than an Eighth Amendment claim for deliberate indifference to a serious medical need.

To establish a claim for violation of the Fourteenth Amendment right to medical information, "a prisoner must show that (1) government officials failed to provide him with such information; (2) this failure caused him to undergo medical treatment that he would have refused had he been so informed; and (3) the officials' failure was undertaken with deliberate indifference to the prisoner's right to refuse medical treatment." *Id.* The deliberate indifference element requires the prisoner to show that the defendant withheld information about a drug for the purpose of inducing him to accept the medication. *See id.* at 254 (prisoner alleged defendants "acted with the intent to induce [the plaintiff] to undergo treatment that he otherwise might have declined."); *see also Vega v. Rell,* No. 3:09cv737(VLB), 2012 WL 2860793, at *9 (D. Conn. July 9, 2012) (granting summary judgment on Fourteenth Amendment claim because plaintiff presented no evidence that doctor intended to induce him to undergo treatment he otherwise would have refused); *Alston v. Bendheim*, 672 F. Supp. 2d 378, 384-85 (S.D.N.Y. 2009) (citing cases).

Blaine alleges that he was not informed of the possible side-effects of Risperdal, and the

6

Court infers that, had he been informed, he would have refused the drug. Blaine does not, however, satisfy the third element. Blaine alleges that he does not know whether defendant Burnes was aware of the side-effects. *See* ECF No. 1, ¶ 13 ("Defendant Burnes never advised and failed to warn the plaintiff of the risks and benefits of Risperdal to act as the informed intermediary between manufacturer and patient (if in fact Burnes was advised and informed from Jannssen Pharmaceuticals)."). There are no facts suggesting that defendant Burnes acted with the purpose of inducing Blaine to take Risperdal. Thus, Blaine fails to state a plausible Fourteenth Amendment claim against defendant Burnes. Blaine's allegations state, at most, a claim of negligence or medical malpractice, which is not cognizable under section 1983. *See Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006) (negligence that would support a claim for medical malpractice does not rise to level of deliberate indifference and is not cognizable under section 1983). The claim against defendant Burnes is dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Burnes may file an amended complaint to re-assert his claim against defendant Burnes if he can allege facts showing that defendant Burnes was aware of the side-effects of Risperdal but failed to inform him of the side-effects to induce him to take the drug.

    C.    <u>Commissioner Semple</u>

Blaine alleges that defendant Semple failed to provide him proper mental health case by failing to oversee CMHC and failing to implement procedures to ensure conformity with acceptable professional and community standards. Blaine can assert only his own claims. He cannot bring claims on behalf of prisoners in general. *See American Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 358 (2d Cir. 2016) (litigant generally has no standing to claim violation of rights of third parties).

The Eighth Amendment forbids deliberate indifference to prisoners' serious medical needs. *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). To state a claim for deliberate indifference to a serious medical need, Blaine must show both that his medical or mental health need was serious, and that defendant Semple acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 104 (1976)). There are both objective and subjective components to the deliberate indifference standard. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must produce death, degeneration or extreme pain. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Subjectively, defendant Semple must have been actually aware of a substantial risk that Blaine would suffer serious harm as a result of his actions or inactions. *See Salahuddin*, 467 F.3d at 279-80. Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983. *See id.*

Under the subjective prong of the deliberate indifference standard, Blaine alleges no facts suggesting that defendant Semple was aware that he was being prescribed Risperdal without being told of the possible side-effects, or that any negligence in failing to include stricter procedures in the contract would endanger Blaine's health. Thus, he fails to allege a plausible deliberate indifference claim against defendant Semple.

Blaine includes no allegations against defendant Cook, merely stating that defendant Semple has retired and defendant Cook is his replacement. Any claims against defendant Cook also are dismissed.

8

D.  Immediate Surgery

Finally, Blaine generally alleges that the defendants denied him proper medical care because he was not immediately scheduled for surgery. The only medical staff member named as a defendant is Nurse Burnes. Blaine alleges that she prescribed Risperdal for him from September 2015 through early February 2016. He does not allege that he had any other contact with defendant Burnes. Blaine alleges that he discovered symptoms of gynecomastia in July 2018, over two years later. He informed the medical staff, was diagnosed, and is awaiting surgery. Blaine has alleged no facts suggesting that the procedure followed since July 2018 constitutes deliberate indifference by any medical staff member, and fails to establish deliberate indifference by defendants Burnes. He does not allege that that he informed defendant Burnes of his symptoms or even was confined in the correctional facility where she worked when he discovered the symptoms. Nor does he allege facts suggesting that defendant Burnes, or defendants Semple and Cook had the authority to schedule surgical procedures. Blaine's conclusory statement fails to support a plausible claim for deliberate indifference to a serious medical need by any defendant and is dismissed pursuant to 28 U.S.C. § 1915A(b)(1). If Blaine believes that his current medical treatment providers are deliberately indifferent to his medical needs by failing to ensure immediate, he may pursue that claim in a separate action.

III.  Conclusion

The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk is directed to close this case. If Blaine can allege additional facts demonstrating deliberate indifference on the part of defendant Burnes to satisfy the third element of his Fourteenth Amendment claim for violation of his right to receive information, he may move to reopen this

case and file an amended complaint asserting only that claim.  Any motion to reopen shall be filed within thirty days from the date of this order.

      **SO ORDERED** this 15th day of April 2019 at Hartford, Connecticut.

                                   /s/
                              Michael P. Shea
                              United States District Judge